1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PHILIP JOHNSON,                         No.  2:13-cv-2505-EFB P

12              Plaintiff,

13        v.                                 ORDER GRANTING IFP AND DISMISSING
                                             COMPLAINT WITH LEAVE TO AMEND
14   M. WARMBRODT, et al.,                   PURSUANT TO 28 U.S.C. § 1915A

15              Defendants.

16

17        Plaintiff is a federal prisoner proceeding without counsel in an action brought for alleged

18   violations of his civil rights.[1]  In addition to filing a complaint, plaintiff seeks leave to proceed in

19   forma pauperis (IFP).

20        Plaintiff's IFP application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

22   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

23   § 1915(b)(1) and (2).

24        Federal courts must engage in a preliminary screening of cases in which prisoners seek

25   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26

27        _____
          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
28   Rules, Appx. A, at (k)(4).

                                             1

1  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4  relief." *Id.* § 1915A(b). When considering whether a complaint states a claim upon which relief

5  can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197,

6  2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v.*

7  *Rhodes*, 416 U.S. 232, 236 (1974).

8      To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

9  constitutional or statutory right; and (2) that the violation was committed by a person acting under

10  the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

11  930, 934 (9th Cir. 2002).  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

12  403 U.S. 388 (1971), provides a remedy for violation of civil rights by federal actors.  *Bivens*

13  established that "compensable injury to a constitutionally protected interest [by federal officials

14  alleged to have acted under color of federal law] could be vindicated by a suit for damages

15  invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. §

16  1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978).  "Actions under [42 U.S.C.] § 1983 and

17  those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a

18  federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  An

19  individual defendant is not liable on a civil rights claim unless the facts establish the defendant's

20  personal involvement in the constitutional deprivation or a causal connection between the

21  defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*,

22  885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

23      The court has reviewed plaintiff's complaints (ECF Nos. 1 and 7) pursuant to § 1915A

24  and finds that they must be dismissed for failure to state a claim.  Plaintiff alleges that he was

25  falsely charged with rioting, refusing to give a urine sample, and refusing to obey an order.  He

26  claims he was placed in the security housing unit (SHU) as a result.  After about twelve days,

27  plaintiff spoke with the disciplinary hearing officer, who dropped the charges.  Nevertheless,

28  plaintiff apparently remained housed in the SHU for another 16 days.  The "total time [plaintiff]

1   stayed in the SHU for the false charges was about 29 days."  ECF No. 1 ¶ 4.  During these 29

2   days, plaintiff claims he (1) was confined to his cell for 23 hours a day, (2) could not participate

3   in group recreational activities, religious activities, vocational programs, educational programs, or

4   legal work (3) could not use recreational equipment, the education department, or the law library,

5   (4) could not watch television and could not e-mail, (5) could not buy the commissary goods

6   available to general population inmates, (6) was unable to make a phone call more than once a

7   month, (7) was unable to communicate with certain prison staff, (8) was unable to use the regular

8   visiting procedures, and (9) was unable to use more than 98% of his property.  Plaintiff claims

9   that his constitutional right to due process has been violated.

10          To state a claim for violation of the right to procedural due process, plaintiff must allege

11  facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

12  (2) a denial of adequate procedural protections."  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

13  2003).  "The Due Process Clause standing alone confers no liberty interest in freedom from state

14  action taken 'within the imposed sentence.'"  *Sandin v. Conner*, 515 U.S. 472, 480 (1995).  While

15  "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings

16  about the necessary withdrawal or limitation of many privileges and rights . . . ."  *Id.* at 485

17  (internal quotations and citations omitted).  "Discipline by prison officials in response to a wide

18  range of misconduct falls within the expected parameters of the sentence imposed by a court of

19  law."  *Id. See also Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986)

20  (administrative segregation falls within the terms of confinement ordinarily contemplated by a

21  sentence).  In a prison setting, a liberty interest is recognized and protected where the conditions

22  of confinement impose a hardship that is atypical and significant in relation to the ordinary

23  incidents of prison life.  *Sandin*, 515 U.S. at 485.

24          In analyzing whether a hardship is atypical and significant, courts may consider: (1)

25  whether the challenged conditions "mirror" those imposed upon inmates in administrative

26  segregation and protective custody; (2) the duration and degree of the conditions; and (3) whether

27  the state's action will invariably affect the duration of the prisoner's sentence.  *Ramirez v.*

28  *Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

1    Here, plaintiff alleges he was denied various privileges while confined to the SHU for 29

2  days.  Numerous cases have held that there is no protected liberty interest in avoiding such

3  limited periods of administrative segregation.  *Compare Sandin*, 515 U.S. at 486 (30 days

4  disciplinary segregation is not atypical and significant) *with Wilkinson v. Austin*, 545 U.S. 209,

5  223-24 (2005) (indefinite solitary confinement in harsh conditions, combined with revocation of

6  parole eligibility held sufficient to invoke Due Process protections).  Plaintiff's allegation that he

7  was subject to lockdown-type conditions and denied certain privileges for 29 days is insufficient

8  to state a claim under the high standard set forth in *Sandin*.  Indeed, numerous courts have found

9  that conditions comparable to or worse than those alleged here did not present the type of

10  atypical, significant deprivation in which a protected liberty interest would arise.  *See, e.g., Hewitt*

11  *v. Helms*, 459 U.S. 460, 467 & n.4 (1983), *abrogated in part on other grounds by Sandin*, 515

12  U.S. at 480-84 (even "severe hardships" imposed by segregation, such as "denial of access to

13  vocational, educational, recreational, and rehabilitative programs, restrictions on exercise, and

14  confinement to [one's] cell for lengthy periods of time," do not give rise to a protected liberty

15  interest); *Ortiz v. Thomas*, No. CV 09-0396-PHX-MHM, 2009 U.S. Dist. LEXIS 29891, at *10-

16  11 (D. Ariz. Mar. 25, 2009) (seven months in administrative segregation, on lockdown 23 hours a

17  day, five days a week, is not atypical and significant); *Medina v. Dickinson*, No. 2:10-cv-0502-

18  LKK-AC, 2013 U.S. Dist. LEXIS 9166, at *26-27 (E.D. Cal. Jan. 23, 2013) (nine months in

19  administrative segregation, accompanied by a loss of visiting privileges and access to educational

20  and vocational programs, "are not atypical and significant hardships when compared to the

21  burdens of ordinary prison life"); *Howard v. DeAzevedo*, No. 1:11-cv-00101-AWI-SKO, 2012

22  U.S. Dist. LEXIS 21555, at *16 (E.D. Cal. Feb. 20, 2012) ("Plaintiff does not have a protected

23  liberty interest in the loss of yard for ten days or in the loss of TV and radio privileges [for thirty

24  days]").

25    Moreover, plaintiff's allegation that he was placed in the SHU on "false charges" does

26  not, in and of itself, implicate a constitutional right.  *See Rupe v. Beard*, No. CV-08-2454-EFS,

27  2013 U.S. Dist. LEXIS 180415, at *24 (E.D. Cal. Dec. 23, 2013) ("While Plaintiff maintains that

28  he was charged with false reports, the Due Process Clause does not make one free from false

1   accusations, but merely provides procedural protections to defend against false accusations");

2   *Hysell v. Schwarzenegger*, No. 1:10-cv-1233-AWI-GBC, 2011 U.S. Dist. LEXIS 72243, at *13-

3   14 (E.D. Cal. July 6, 2011) ("in general, prison officials' housing and classification decisions do

4   not give rise to federal constitutional claims encompassed by the protection of liberty and

5   property guaranteed by the Fifth and Fourteenth Amendments").

6        Plaintiff also claims he was "retaliated" against for refusing to sign a piece of paper.  To

7   state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An

8   assertion that a state actor took some adverse action against an inmate (2) because of (3) that

9   prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

10  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

11  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First

12  Amendment includes communications that are "part of the grievance process."  *Brodheim v. Cry*,

13  584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert a retaliation claim, he must

14  specifically identify the protected conduct at issue and plead that the allegedly adverse action was

15  taken "because of" that conduct.

16       For these reasons, plaintiff fails to state a claim upon which relief may be granted.

17  Although it appears unlikely that plaintiff can state a cognizable claim for relief, the court will

18  grant plaintiff an opportunity to cure the defects in his pleading.  In addition to the requirements

19  set forth herein, any amended complaint must specifically allege what procedural protections, if

20  any, plaintiff contends he was denied prior to or during his placement in the SHU.

21       Should plaintiff choose to file an amended complaint, the amended complaint shall clearly

22  set forth the claims and allegations against each defendant and may not exceed the scope of this

23  order.   It must also allege a cognizable legal theory against a proper defendant and sufficient

24  facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

25  2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any

26  deficiency in their complaints).

27        Additionally, any amended complaint must be written or typed so that it is complete in

28  itself without reference to any earlier filed complaint.  E.D. Cal. Local Rule 220.  This is because

1    an amended complaint supersedes any earlier filed complaint, and once an amended complaint is

2    filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v.*

3    *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,

4    the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

5    Cir. 1967)).

6              Accordingly, IT IS HEREBY ORDERED that:

7         1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

8         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

9              accordance with the notice to the Federal Bureau of Prisons filed concurrently

10             herewith.

11        3.  The complaint is dismissed with leave to amend within 30 days.  The amended

12             complaint must bear the docket number assigned to this case and be titled "Second

13             Amended Complaint."  Failure to comply with this order may result in a dismissal of

14             this action for failure to state a claim upon which relief may be granted.

15   Dated:  July 24, 2014.

16

17                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

6