UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JOHNSON, | No. 2:13-cv-2505-EFB P |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM |
| M. WARMBRODT, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.[1]

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

In the amended complaint, plaintiff claims that he was held in the security housing unit for 29 days on false charges and without receiving any procedural due process protections. He claims he was also retaliated against for exercising his right to not be forced into signing a document. The amended complaint does not materially differ from the previous complaint and fails to cure the defects identified by the court in its initial screening order, which informed plaintiff of the following:

> The court has reviewed plaintiff's complaints (ECF Nos. 1 and 7) pursuant to § 1915A and finds that they must be dismissed for failure to state a claim. Plaintiff alleges that he was falsely charged with rioting, refusing to give a urine sample, and refusing to obey an order. He claims he was placed in the security housing unit (SHU) as a result. After about twelve days, plaintiff spoke with the disciplinary hearing officer, who dropped the charges. Nevertheless, plaintiff apparently remained housed in the SHU for another 16 days. The "total time [plaintiff] stayed in the SHU for the false charges was about 29 days." ECF No. 1 ¶ 4. During these 29 days, plaintiff claims he (1) was confined to his cell for 23 hours a day, (2) could not participate in group recreational activities, religious activities, vocational programs, educational programs, or legal work (3) could not use recreational equipment, the education department, or the law library, (4) could not watch television and could not e-mail, (5) could not buy the commissary goods available to general population inmates, (6) was unable to make a phone call more than once a month, (7) was unable to communicate with certain prison staff, (8) was unable to use the regular visiting procedures, and (9) was unable to use more than 98% of his property. Plaintiff claims that his constitutional right to due process has been violated.
>
> To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the imposed sentence.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995). While "prisoners do not shed all constitutional rights at the prison gate, . . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Id.* at 485 (internal quotations and citations omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id. See also Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence). In a prison setting, a liberty interest is recognized and protected where the conditions of confinement impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 485.

In analyzing whether a hardship is atypical and significant, courts may consider: (1) whether the challenged conditions "mirror" those imposed upon inmates in administrative segregation and protective custody; (2) the duration and degree of the conditions; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

Here, plaintiff alleges he was denied various privileges while confined to the SHU for 29 days. Numerous cases have held that there is no protected liberty interest in avoiding such limited periods of administrative segregation. *Compare Sandin*, 515 U.S. at 486 (30 days disciplinary segregation is not atypical and significant) *with Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (indefinite solitary confinement in harsh conditions, combined with revocation of parole eligibility held sufficient to invoke Due Process protections). Plaintiff's allegation that he was subject to lockdown-type conditions and denied certain privileges for 29 days is insufficient to state a claim under the high standard set forth in *Sandin*. Indeed, numerous courts have found that conditions comparable to or worse than those alleged here did not present the type of atypical, significant deprivation in which a protected liberty interest would arise. *See, e.g., Hewitt v. Helms*, 459 U.S. 460, 467 & n.4 (1983), *abrogated in part on other grounds by Sandin*, 515 U.S. at 480-84 (even "severe hardships" imposed by segregation, such as "denial of access to vocational, educational, recreational, and rehabilitative programs, restrictions on exercise, and confinement to [one's] cell for lengthy periods of time," do not give rise to a protected liberty interest); *Ortiz v. Thomas*, No. CV 09-0396-PHX-MHM, 2009 U.S. Dist. LEXIS 29891, at *10-11 (D. Ariz. Mar. 25, 2009) (seven months in administrative segregation, on lockdown 23 hours a day, five days a week, is not atypical and significant); *Medina v. Dickinson*, No. 2:10-cv-0502-LKK-AC, 2013 U.S. Dist. LEXIS 9166, at *26-27 (E.D. Cal. Jan. 23, 2013) (nine months in administrative segregation, accompanied by a loss of visiting privileges and access to educational and vocational programs, "are not atypical and significant hardships when compared to the burdens of ordinary prison life"); *Howard v. DeAzevedo*, No. 1:11-cv-00101-AWI-SKO, 2012 U.S. Dist. LEXIS 21555, at *16 (E.D. Cal. Feb. 20, 2012) ("Plaintiff does not have a protected liberty interest in the loss of yard for ten days or in the loss of TV and radio privileges [for thirty days]").

Moreover, plaintiff's allegation that he was placed in the SHU on "false charges" does not, in and of itself, implicate a constitutional right. *See Rupe v. Beard*, No. CV-08-2454-EFS, 2013 U.S. Dist. LEXIS 180415, at *24 (E.D. Cal. Dec. 23, 2013) ("While Plaintiff maintains that he was charged with false reports, the Due Process Clause does not make one free from false accusations, but merely provides procedural protections to defend against false accusations"); *Hysell v. Schwarzenegger*, No. 1:10-cv-1233-AWI-GBC, 2011 U.S. Dist. LEXIS 72243, at *13-14 (E.D. Cal. July 6, 2011) ("in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments").

/////

> Plaintiff also claims he was "retaliated" against for refusing to sign a piece of paper. To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue and plead that the allegedly adverse action was taken "because of" that conduct.
>
> For these reasons, plaintiff fails to state a claim upon which relief may be granted. Although it appears unlikely that plaintiff can state a cognizable claim for relief, the court will grant plaintiff an opportunity to cure the defects in his pleading. In addition to the requirements set forth herein, any amended complaint must specifically allege what procedural protections, if any, plaintiff contends he was denied prior to or during his placement in the SHU.

ECF No. 9 at 2-5. As with the original complaint, the amended complaint also fails to state a proper claim for relief. Although plaintiff claims he was placed in the SHU for 29 days without adequate procedural due process protections, the facts alleged do not demonstrate that this resulted in any deprivation of a constitutionally protected liberty or property interest. Therefore, plaintiff has failed to state a due process claim. And while plaintiff claims defendants took adverse action against him because he refused to sign a document, plaintiff's refusal to sign a document is not "protected conduct" within the meaning of a First Amendment retaliation claim. Thus, plaintiff fails to state a cognizable retaliation claim.

Despite notice and an opportunity to amend, plaintiff cannot state a proper claim for relief. Therefore, this action must be dismissed without leave to amend for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

1  Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No. 11) is
2  dismissed for failure to state a claim upon which relief may be granted and the Clerk is directed to
3  close the case.

4  DATED: April 27, 2015.

    _____
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

5